POLLY BURTON, widow of James, *vs.* DAVID HAZZARD, of Joseph.

The judgment in a former suit, is not evidence, unless between parties or privies; even where the issue in the former cause, was on a claim of property by the new party in the second suit.

REPLEVIN. Goods replevied and delivered to plaintiff. Narr. Plea, property in defendant.

The property in question was seized and sold, on execution process against plaintiff's son, John H. Burton, as his property, and bought by defendant. The plaintiff claimed the property at the sale. She and her son lived together. (See the former case of Hazzard *vs.* Burton, ante. p. 62.)

The defendant proved the judgment, execution, levy and sale of the goods as the property of John H. Burton, and his purchase; and produced evidence that John H. Burton carried on the farm, on his own account; bought and sold the property, and was the real owner. Evidence was offered on the contrary for the plaintiff, in support of her claim to the property; amongst which, was the record of the trial and judgment, in the case of David Hazzard and John H. Burton (ante p. 62,) for this same property, which suit was defended by the present plaintiff, and in her behalf.

*Ridgely*, for defendant objected, because the cases are between different parties, and for different matters.

This record is offered as an estoppel, and the rule is well settled that every estoppel must be pleaded. There is no estoppel by former recovery, unless between the same parties or privies. These are neither. The former action was David Hazzard *vs.* John H. Burton; this is Polly Burton *vs.* David Hazzard, and this not by force of any privity of title between Polly Burton and John H. Burton; for the allegation of the plaintiff is, that John H. Burton has no right to the property. The former suit is not even evidence in this case. Suppose both suits were for the same matter. Because a certain

issue was tried between David Hazzard and John H. Burton, shall he be forever precluded from litigating the same question with any other person? Why in the former case, Polly Burton was a competent witness, and the case may have been decided on her evidence. In this case John H. Burton has been examined, yet he was not a competent witness in the other case; shall then one case conclude the other. (1 *Saund. Pl. & Ev.* 38 ; *Ibid* 50 ; *Roscoe Ev.* 99, 6, &c.

*By the Court :*—The verdict and judgment in the former case, are not evidence here ; 1st. Because the parties are not the same, nor are they privies. Polly Burton was not a party to the former suit, and she has no privity here with John H. Burton. 2d. The verdict for the defendant in the former case, was on a plea of non cepit as well as on a plea of property in Polly Burton. How then can any one say, the verdict there concludes this question of property in Polly Burton. 3d. Even if the verdict in the other suit was on the plea of property in Polly Burton, it was rendered on proof of her declarations, and might have been, on her testimony. Shall then the plaintiff be precluded, on an action against him for the same property, from denying that this is Polly Burton's property. Suppose the verdict in that case, had been *for* D. Hazzard, would it have been evidence in this case *against* Polly Burton ? Certainly not. Shall it then be evidence *for* her. The rule is, that the benefits of a verdict must be mutual, to make a party liable to its consequences.

Record ruled out.

*Cullen*, for plaintiff.
*Ridgely*, for defendant.